# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2904

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Jose Carlos Montalvan, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 30, 2012
Filed: February 2, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jose Carlos Montalvan appeals the sentence the District Court[1] imposed after he pled guilty to conspiring to possess with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning the substantive reasonableness of Montalvan's sentence.

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

Upon careful review and taking into account the totality of the circumstances, we conclude that the District Court did not impose an unreasonable sentence. Montalvan was sentenced at the bottom of the calculated Guidelines range, and—because he was afforded safety-valve relief under 18 U.S.C. § 3553(f)—he was sentenced without regard to the statutory minimum. Nothing in the record suggests that the District Court abused its discretion in sentencing Montalvan by failing to consider a relevant factor, giving significant weight to an improper or irrelevant factor, or committing a clear error of judgment. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate court considers substantive reasonableness of sentence under abuse-of-discretion standard, taking into account totality of circumstances; abuse of discretion occurs when district court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors; if sentence is within Guidelines range, appellate court may, but is not required to, apply presumption of reasonableness).

Finally, we have conducted an independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and we have found no nonfrivolous issue for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the District Court.

_____